OPINION *Page 2 
{¶ 1} Defendant-appellant Derek L. Sullivan appeals his sentence and conviction entered in the Tuscarawas County Court Of Common Pleas following a no contest plea.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant was indicted by the Tuscarawas County Grand Jury on one count of Burglary, a felony of the second degree, two counts of Theft from a Disabled Adult, felonies of the fourth and fifth degree, and two counts of Forgery, felonies of the fifth degree.
 {¶ 4} The case was assigned to the Honorable Judge O'Farrell and a pretrial was set for November 7, 2005.
 {¶ 5} On November 7, 2005 a pretrial was held. The case was set for a jury trial to be held on January 5, 2006.
 {¶ 6} On December 15, 2006, Appellant filed a Motion to Continue the jury trial. The motion was granted and the trial was continued to February 9, 2006.
 {¶ 7} On January 26, 2006, Appellant changed his previous not guilty pleas to pleas of no contest. The trial court sentenced Appellant to serve a term of nine (9) years in a state correctional institution. This term was ordered to be served concurrently to Appellant's existing, unrelated cases in Pickaway and Holmes County. The sentencing entry also attempted to terminate Appellant's post-release control sanctions in other unrelated Tuscarawas County cases. (See 1/26/06 Judgment Entry). *Page 3 
 {¶ 8} On February 10, 2006, Appellant filed a pro se motion for jail time credit, which was overruled.
 {¶ 9} On March 3, 2006, Appellant moved to withdraw his no contest plea. The basis for the motion was that the trial court's attempt to terminate appellant's unrelated post-release control sanctions was not authorized by Ohio law and was not recognized by the parole board.
 {¶ 10} Appellant's motion was granted. Appellant's no contest plea was vacated and his not guilty pleas were reinstated. (See 3/15/06 Judgment Entry).
 {¶ 11} On April 20, 2006, Appellant filed a pro se motion which the trial court declined to consider because Appellant was represented by counsel. (See 5/3/06 Judgment Entry).
 {¶ 12} Appellant was transported from prison for a jury trial scheduled June 1, 2006. Appellant appeared with counsel.
 {¶ 13} Based on a negotiated Crim.R. 11(F) plea agreement, the Burglary and Forgery counts were dismissed in exchange for a no contest plea to two counts of Theft from a Disabled Adult. A promised sentence of an aggregate one year in prison was imposed but reserved. Appellant was placed on a two year period of Community Control Sanctions to begin upon his release on an unrelated prison term. Restitution to the victim was also ordered.
 {¶ 14} At the plea hearing in this matter, Appellant advised the trial court that he and his attorney had had a number of disagreements throughout the pendency of his case. Appellant also stated that while he would be entering a no contest plea, he was not happy with such agreement: *Page 4 
 {¶ 15} Pursuant to the plea agreement, appellant received two consecutive six month terms of imprisonment in the Department of Rehabilitation and Correction, but the terms were reserved for imposition. He was placed on two years of Community Control Sanctions to be imposed and deferred for commencement until his release from the Ohio Department of Rehabilitation and Correction on other unrelated felony crimes. Appellant was represented by counsel. (See 6/6/06 Judgment Entry).
 {¶ 16} Appellant filed a pro se Notice of Appeal and a request for appointed counsel. Appellate counsel timely filed a Brief of Appellant on 11/6/06, although the Brief was incorrectly designated as Brief of Plaintiff-Appellee. Appellant then filed an untimely pro se Supplemental Brief on 11/28/06. Neither Brief was received by the Prosecutor's Office. The Prosecutor's Office subsequently discovered the error and requested leave to file a response Brief, which was granted.
 {¶ 17} Appellant now appeals. Appellant's pro se brief filed November 28, 2006, does not set forth any distinct assignments of error and in the brief filed by his Appellate counsel on November 6, 2006, assigns the following error for review:
 ASSIGNMENT OF ERROR {¶ 18} "I. APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED INTO."
 I. {¶ 19} In his sole assignment of error, Appellant argues that his plea was not made voluntarily. We disagree.
 {¶ 20} The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." State v. Engle (1996),74 Ohio St.3d 525, 527. *Page 5 
Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record.State v. Spates (1992), 64 Ohio St.3d 269, 272. If a criminal defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit. State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 21} To ensure that a plea is made knowingly and intelligently, a trial court must engage in oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). Engle, 74 Ohio St.3d at 527. Pursuant to Crim.R. 11(C)(2):
 {¶ 22} "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 23} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 24} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 25} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a *Page 6 
reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 26} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473, 479-80.
 {¶ 27} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant[,]'" the court's acceptance of the guilty plea should be affirmed. State v. Anderson (1995), 108 Ohio App.3d 5, 9, quotingBallard, 66 Ohio St.2d at paragraph two of the syllabus.
 {¶ 28} In the instant matter, this Court finds that the trial court complied with Crim.R. 11.
 {¶ 29} In his argument, Appellant asserts the trial court erred in accepting his plea because during the colloquy he indicated that he had no choice other than to enter such no contest plea. Under the totality of the circumstances, however, we find no error in the trial court's determination that Appellant's plea was entered knowingly and voluntarily.
 {¶ 30} At the plea hearing, the trial court reviewed the negotiated plea agreement whereby Appellant was entering a plea of no contest to two counts of theft from a disabled person in exchange for a dismissal of the remaining counts and that the *Page 7 
promised sentence would be an aggregate of one year, reserved with a two year period of supervised community controlled sanctions upon his release from an unrelated prison term. (T. at 3). Appellant indicated that he understood the charges and the terms of the plea agreement. (T. at 4). The Court then explained the sentence again. (T. at 4). The trial court then gave Appellant an opportunity to address the court, wherein Appellant made the following statements:
 {¶ 31} Appellant: "I appreciate the Court letting me address this. The plea bargain is sound. I don't really have a — I guess you could say you're being — I can say you're being fair." (T. at 4).
 {¶ 32} Appellant: "I will take this plea bargain but I would take it under the understanding that I'm not happy taking it. I don't think it's just." (T. at 10).
 {¶ 33} Appellant: "But I will take it just to resolve these issues. I'm tired of coming back and forth to the county jail. I'm tired of losing my programs and programs that I have up there because of coming back and forth to the county jail. (T. at 10).
 {¶ 34} Appellant: "I mean I'll take this just to get it over with." (T. at 11).
 {¶ 35} In response to such statements, Judge O'Farrell summarized the plea agreement as set forth above. Appellant acknowledged that he was prepared to plead no contest to the two counts of Theft from a Disabled Adult and was prepared to accept the sentence under the negotiated plea agreement. (T. at 3-4). Appellant acknowledged that "the plea agreement is sound." (T. at 4). Judge O'Farrell repeatedly made it clear to appellant that "if you plead no contest today to the amended Indictment I'm going to find you guilty, impose the sentence and you're going to go back with Officer Smith and be going back to your institution." (T. at 13). *Page 8 
 {¶ 36} Judge O'Farrell continued: "I'm telling you that if you plead no contest today to the amended Indictment then I am going to find you guilty and impose the sentence. If you came in here today and said I don't want Gerry Latanich representing me, I'm firing him, I can't say you can't fire him. I would say okay. But here's your choice Derek, your choice is that you're going forward pro se with — if you want back up legal counsel. And that would be to a trial or to a resolution of the Indictment without trial. That's the outcome that would occur if you told me today that you don't want Gerry Latanich representing you as your lawyer. If you want to be your own lawyer." (T. at 15).
 {¶ 37} "Now, again, we've cancelled the trial today because Gerry Latanich delivered a message to you. That message was after Bob Urban and I and Gerry Latanich talked yesterday about what the State was willing to do. Of course, all of this is conditioned upon your agreement. If you don't agree I'm not going to force you to agree. That's not the way it works here. And the bottom line is no matter how irritating it might be irritation doesn't trump your rights." ". . . I'm not going to deny you your right to a trial if you want it. You could be found guilty or not guilty. If you're found guilty this is all off the table. It could be Burglary, it could be two counts of Theft, it could be two counts of Forgery, and I'm not going to punish you for going to trial. You understand? I'm not going to impose the maximum sentence because you were so audacious that you went to trial. That's bologna. But I would impose the sentence that I believe is fair. And that sentence could be greater than the one here. This is a negotiated agreement here." (T. at 15-16).
 {¶ 38} ". . . but ultimately you're a smart man. You have to tell me if you're ready to fish or cut bait. That means if you want to resolve this with a sentence where you're *Page 9 
going to be on supervision, no prison time in this case, two years, get the money paid to Mr. Garabrandt and get on with your life. That's of course after you're out of prison. Who knows when you're going to be out of prison on these other cases. Or do you want to not do that and do you want to have a trial and get these people back in here, those jurors on another day? Now is the time to decide." (T. at 16-17).
 {¶ 39} Appellant: "I'll accept the plea bargain . . ." (T. at 17).
 {¶ 40} The trial court then reviewed Appellant's constitutional rights with him. After reviewing his constitutional rights, the trial court asked "all of them are given up, those rights, you're going to be found guilty on pleas of no contest. There is no possibility of being found not guilty and a sentence will be imposed as I promised. Is it your decision to waive those rights, to plead no contest, and to accept the sentence?"
 {¶ 41} Appellant: "yeah." (T. at 18).
 {¶ 42} Based upon our review of the plea hearing, we cannot say that the trial court erred in accepting Appellant's plea. Despite his statement that he was entering a plea because he had no other choice, Appellant indicated that he understood each of his rights, the nature of the charges against him, agreed to waive each of his rights and understood that by waiving such rights and entering a plea of no contest the trial court would find him guilty and sentence him accordingly. *Page 10 
 {¶ 43} Accordingly, we hereby overrule this Assignment of Error.
 {¶ 44} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Wise, J. Hoffman, P. J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1