[Cite as *State v. Dunwoody*, 2011-Ohio-6360.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| STEVEN D. DUNWOODY | : | Case No. CT11-0029 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2011-0063


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                December 8, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RON WELCH                                 DAVID A. SAMS
27 North Fifth Street                     Box 40
Zanesville, OH  43701                     West Jefferson, OH  43162

*Farmer, J.*

{¶ 1} In 1993, appellant Steven Dunwoody, pled guilty to one count of rape in violation of R.C. 2907.02. The trial court sentenced appellant to an indeterminate term of five to twenty-five years in prison.

{¶ 2} On October 16, 1997, the trial court held a hearing to determine appellant's classification status pursuant to Ohio's Megan's Law. By amended judgment entry filed November 6, 1997, the trial court classified appellant as a sexual predator, subject to the attendant reporting requirements for life.

{¶ 3} Effective January 1, 2008, the Ohio General Assembly enacted the Adam Walsh Act which changed the classification system for sexual offenders and the accompanying penalties for failure to report.

{¶ 4} On March 9, 2011, the Muskingum County Grand Jury indicted appellant on one count of failing to report as required in violation of R.C. 2950.04. On May 9, 2011, appellant pled guilty for failure to register an address change in violation of R.C. 2950.05(A). By entry filed June 30, 2011, the trial court sentenced appellant to three years in prison.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

II

{¶ 7} "THE DEFENDANT-APPELLANT WAS CHARGED AND CONVICTED CONTRARY TO THE PROHIBITION AGAINST EX POST FACTO LAWS IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS."

III

{¶ 8} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

I

{¶ 9}   Appellant claims his guilty plea was not voluntarily made as the trial court failed to inform him of his right to a unanimous jury and to present a defense.  We disagree.

{¶ 10} Crim.R. 11 governs pleas.  Subsection (C) states as follows in pertinent part:

{¶ 11} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 15} As this court outlined in *State v. Sullivan,* Tuscarawas App. No. 2006 AP 07 0037, 2007-Ohio-4388, a determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record. If a defendant claims that his guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine if the claim has merit. *State v. Nero* (1990), 56 Ohio St.3d 106, 108.

{¶ 16} As for the unanimous jury issue, this court explained the following in *State v. Smith,* Muskingum App. No. CT2007-0073, 2008-Ohio-3306, ¶27-29:

{¶ 17} "Initially, there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. *State v. Simpson,* [2008-Ohio-2460] supra at ¶11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., *State v. Ketterer,* 111 Ohio St.3d 70, 855 N.E.2d 48, 2006-Ohio-5283, at ¶68 (the trial court was not required to specifically advise defendant

on the need for juror unanimity); *State v. Fitzpatrick,* 102 Ohio St.3d 321, 810 N.E.2d 927, 2004-Ohio-3167, at ¶44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Barnett,* Hamilton App. No. C-060950, 2007-Ohio-4599 at ¶6; *State v. Simpson,* supra at ¶11.

{¶ 18} "It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. *State v. Bays* (1999), 87 Ohio St.3d 15, 20, 716 N.E.2d 1126. In *State v. Jells* (1990), 53 Ohio St.3d 22, 25-26, 559 N.E.2d 464, the Ohio Supreme Court held:

{¶ 19} " 'There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.' "

{¶ 20} During the Crim.R. 11 colloquy, the trial court specifically questioned appellant on his right to a trial and to present a defense:

{¶ 21} "THE COURT: You understand you are giving up the right to have a jury trial; you also are giving up the right to waive that jury trial and have your case tried directly to the Court?

{¶ 22} "THE DEFENDANT: Yes, sir.

{¶ 23} "THE COURT: You are giving up your right to confront and have your attorney cross-examine witnesses who would testify against you at trial.

{¶ 24} "THE DEFENDANT: Yes, sir.

**{¶ 25}** "THE COURT: You are giving up your right to use the power of this Court to subpoena or compel witnesses to come into Court and testify on your behalf.

**{¶ 26}** "THE DEFENDANT: Yes, sir.

**{¶ 27}** "THE COURT: You are giving up your right at trial not to take the witness stand, and the fact that you do not take the witness stand could not be used against you in any way at your trial.

**{¶ 28}** "THE DEFENDANT: Yes, sir."  T.at 9.

**{¶ 29}** Upon review, we find the trial court properly advised appellant of his rights.

**{¶ 30}** Assignment of Error I is denied.

II, III

**{¶ 31}** Appellant claims his sentence violates his constitutional right against ex post facto laws and his trial counsel was deficient in failing to raise this issue.  We disagree.

**{¶ 32}** "Section 10, Article I of the United States Constitution reads, 'No State shall***pass any***ex post facto Law.'  '*Ex post facto*' literally means '[a]fter the fact; by an act or fact occurring after some previous act or fact, and relating thereto***.'  Black's Law Dictionary (6 Ed.1990) 581.  In *Beazell v. Ohio* (1925), 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216, the United States Supreme Court stated:

**{¶ 33}** '[A]ny statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission,***is prohibited as *ex post facto*.'  *Id.* at 169-170, 46 S.Ct. at 68, 70 L.Ed. at 217."  *State v. Cook,* 83 Ohio St.3d 404, 414, 1998-Ohio-291.

{¶ 34} Appellant was convicted of rape in 1993. Prior to his release, appellant was classified as a sexual predator in 1997 under Ohio's Megan's Law, requiring him to register for life. See, Perry County Case No. 6388, Amended Judgment Entry filed November 6, 1997. Megan's Law was found not to violate the constitutional provisions against retroactive legislation. *Cook,* supra*.*

{¶ 35} In 2008, the Ohio General Assembly enacted the Adam Walsh Act and in separate legislation, R.C. 2950.99, the statutory penalty for failure to register. See, S.B. No. 97, effective January 1, 2008.

{¶ 36} On May 9, 2011, appellant pled guilty to failing to register an address change in February of 2011 in violation of R.C. 2950.05(A).

{¶ 37} Appellant argues his conviction for failing to register an address change is unlawful pursuant to the recent finding that the Adam Walsh Act is unconstitutional:

{¶ 38} "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d 344, syllabus, 2011-Ohio-3374.

{¶ 39} We find the issue in this case to be parallel to *State v. Freeman*, Hamilton App. No. C-100389, 2011-Ohio-4357. We concur with our brethren from the First District wherein they stated the following at ¶21-22:

{¶ 40} "*Williams* dealt with the imposition of Senate Bill 10's more stringent registration requirements upon an offender who had committed his sex offense prior to its enactment. The instant case deals with the imposition of current R.C. 2950.99's penalty provisions on Freeman, who committed his failure-to-notify offense after the

effective date of that statute. Although current R.C. 2950.99 has the same effective date as Senate Bill 10, it was not enacted as part of Senate Bill 10. It was enacted as part of Senate Bill 97, which, among other things, modified the penalties for violations of the sex-offender registration and notification laws.

{¶ 41} "Freeman had committed a sex offense and had been classified as a sexually oriented offender under Megan's Law. Pursuant to that classification, he was required to annually register as a sex offender for ten years and to notify the sheriff of any change in his address. There is no evidence that Freeman was reclassified under Senate Bill 10 or that Senate Bill 10 affected Freeman's reporting duties. Freeman committed his failure-to-notify offense on or about October 15, 2009, well after the effective date of current R.C. 2950.99. Freeman had an ongoing duty to notify the sheriff of any change of address. He failed to do so. Freeman's sentence was based on his failure-to-notify offense, which occurred after R.C. 2950.99's effective date."

{¶ 42} In the case sub judice, appellant was properly required to register under Megan's Law and was never reclassified under the Adam Walsh Act (S.B. No. 10). Appellant's failure to register, which is uncontested by his guilty plea, occurred after the enactment of R.C. 2950.99.

{¶ 43} Upon review, we find the arguments herein to be without merit.

{¶ 44} Assignments of Error II and III are denied.

{¶ 45} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 1118

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| STEVEN D. DUNWOODY | : | |
| | : | |
|     Defendant-Appellant | : | CASE NO. CT11-0029 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____

JUDGES