[Cite as *State v. Nelson*, 2012-Ohio-2400.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                  |
|--------------------------|---|--------------------------|
| STATE OF OHIO            | : | W. Scott Gwin, P.J.      |
|                          | : | William B. Hoffman, J.   |
| Plaintiff-Appellee       | : | Julie A. Edwards, J.     |
|                          | : |                          |
| -vs-                     | : | Case No. 2011CA00219     |
|                          | : |                          |
|                          | : |                          |
| JERRY NELSON             | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |

CHARACTER OF PROCEEDING: Criminal Appeal from Stark County
Court of Common Pleas Case No.
2011CR0787

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 29, 2012

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South
Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

STEVEN A. REISCH
Stark County Public
Defender's Office
200 W. Tuscarawas Street, Suite 200
Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant, Jerry Nelson, appeals a judgment of the Stark County Common Pleas Court convicting him of failing to provide notice of change of address (R.C. 2950.05(A), (F)(1)) and sentencing him to a mandatory term of incarceration of three years pursuant to R.C. 2950.99. Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} Appellant entered a plea of guilty to corruption of a minor in 2000. He was found to be a sexually oriented offender under Megan's Law, the sex offender registration statute in effect at the time of his conviction. His registration duties included registering any change of address within twenty days prior to changing his address, and verifying his residential address annually for ten years.

{¶3} In 2004 and again in 2008, appellant was convicted of violating his registration requirements. On March 2, 2011, appellant registered his address as 4401 Louisville Street N.E., Canton, Ohio. Appellant was brought to the Stark County Jail on a domestic violence charge on May 31, 2011. At that time, law enforcement learned that he was sharing a residence with his girlfriend at 210 Edwin Ave. S.E., Massillon, Ohio, an address he failed to register with the Stark County Sheriff.

{¶4} Appellant was indicted by the Stark County Grand Jury on one count of failure to notify of change of address. Because he had two previous convictions for change of address violations, his potential penalty was elevated to a mandatory three year prison sentence.

{¶5} Appellant entered a plea of not guilty. He filed a pleading entitled "Defendant's Objection to Mandatory Sentence," which the trial court overruled.

Appellant changed his plea to no contest and was found guilty. He was sentenced to three years incarceration. He assigns two errors on appeal:

{¶6} "I. THE APPLICATION OF THE MANDATORY PRISON SENTENCE OF S.B. 9 TO THE APPELLANT VIOLATED SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.

{¶7} "II. THE IMPOSITION OF A THREE YEAR SENTENCE FOR FAILURE TO REGISTER AS A SEXUALLY ORIENTED OFFENDER IS GROSSLY DISPROPORATIONATE TO THE CRIME AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT."

I

{¶8} Appellant argues that the court erred in imposing the mandatory prison term of three years as required by R.C. 2950.99 because those penalty provisions were not in effect at the time he was classified as a sexually oriented offender. The penalty provision that was applied to appellant was a part of S.B.97, and the amendment was effective January 1, 2008. Appellant argues that application of this penalty provision to him is unconstitutionally retroactive pursuant to Section 28, Article II of the Ohio Constitution.

{¶9} Appellant recognizes in his brief that this Court rejected his argument in *State v. Poling*, 5th Dist. No. 2009-CA-0264, 2011-Ohio-3201, finding that the increased penalties of R.C. 2950.99 did not violate the prohibition against retroactive laws so long as the changes in the law were effective prior to the registration offense:

{¶10} "In the case at bar, R.C. 2950.99 as amended in 2008 does not punish any action that was formerly not a crime or increase the penalty for a crime already

committed. In 2006 appellant was subject to the reporting requirements as a sexually oriented offender for a period of ten years. R.C. 2950.07(B)(3) (repealed January 1, 2008). The pre-existing ten-year reporting period applicable to appellant had not expired when he was charged and convicted of failing to provide notice of an address change twenty days prior to the change. Appellant had a duty to report a change of address when the statutory amendment to R.C. 2950.99 was enacted. Accordingly, appellant could only be charged with a felony of the first degree if he failed to report an address change after January 1, 2008.

{¶11} "We find that the application of amended R.C. 2950.99 does not violate the Ex Post Facto Clause. See *State v. Dycus,* Franklin App. No. 04AP–751, 2005-Ohio-3990 at ¶ 21. (Citations omitted). As the Ohio Supreme Court observed in *Cook,*

{¶12} "'Even prior to the promulgation of the current version of R.C. Chapter 2950, failure to register was a punishable offense. See former R.C. 2950.99, 130 Ohio Laws 671. Thus, any such punishment flows from a failure to register, a new violation of the statute, not from a past sex offense. In other words, the punishment is not applied retroactively for an act that was committed previously, but for a violation of law committed subsequent to the enactment of the law.' 83 Ohio St.3d at 420–421, 700 N.E.2d at 584, 1998–Ohio–291.

{¶13} "In the case at bar, appellant was advised of his duty to report a change of address at his sentencing hearing December 4, 2006. The penalty provisions for failure to register a change of address were increased nearly two years later on January 1, 2008. Appellant was charged based upon his conduct in failing to register his address change approximately seventeen months later in June–July 2009. Thus, appellant had

fair warning that his conduct could be treated as a criminal offense, and that the penalty would be classified as a felony of the first degree, well-in advance of the conduct which led to his indictment." *Id.* at ¶29-32.

**{¶14}** In the instant case, appellant was sentenced pursuant to penalty provisions which were effective January 1, 2008. He did not commit the crime until 2011. Therefore, application of the new penalty provisions is not unconstitutionally retroactive.

**{¶15}** Appellant argues that we should revisit *Poling* in light of *State v. Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In *Williams*, the Ohio Supreme Court concluded that S.B. 10, which changed the registration requirements from Megan's Law to the Adam Walsh Act, is unconstitutionally retroactive as applied to defendants who committed sex offenses prior to its passage.

**{¶16}** This Court has recognized that although the current R.C. 2950.99 has the same effective date as Senate Bill 10, it was not enacted as a part of Senate Bill 10, but rather was enacted as part of Senate Bill 97. *State v. Dunwoody*, 5th Dist. CT11–0029, 2011-Ohio-6360, ¶40. *Williams* dealt only with the imposition of Senate Bill 10's more stringent registration requirements upon an offender who had committed his sex offense prior to its enactment, not to the imposition of the penalty provisions of R.C. 2950.99 on an offender who committed his registration offense after the effective date of the change. *Id.* We thus concluded subsequent to *Williams* that a defendant who was required to register under Megan's Law and never reclassified under the Adam Walsh Act could be sentenced pursuant to the new penalty provisions of R.C. 2950.99. *Id.* at ¶42.

{¶17} Like the appellant in *Dunwoody*, appellant was properly required to register under Megan's Law. His failure to register occurred after the enactment of R.C. 2950.99 and he could be sentenced pursuant to the penalty provisions in effect at the time of his failure-to-notify offense.

{¶18} The first assignment of error is overruled.

II

{¶19} Appellant argues that a three-year sentence violates the 8th Amendment to the United States Constitution's ban on cruel and unusual punishment. He argues the sentence is disproportionate to the underlying offense for which he was required to register because the sentence of three years is twice the maximum sentence he could have served for the underlying offense of corruption of a minor.

{¶20} The Tenth District Court of Appeals considered this issue in *State v. Richey*, 10th Dist. 09AP-36, 2009-Ohio-4487. In *Richey*, the appellant's underlying offense for which he was required to register was sexual imposition, a third degree misdemeanor. In 2009, he entered a plea of guilty to attempted failure to provide notice of a change of address, a fifth degree felony. The Court of Appeals rejected his argument that he was subjected to cruel and unusual punishment, holding:

{¶21} "Appellant has also argued that R.C. 2950.99 unconstitutionally applies felony sentencing to him because the failure to register offense is 'of lesser gravity' than the third-degree misdemeanor sex offense that triggered the registration requirements. (Dec. Tr. 3.) Appellant is incorrect. When a person commits a failure to register offense, he exhibits recidivist behavior given that (1) he already has a prior offense that triggered the registration requirements, and (2) the failure to register offense stems from a

person's inability to follow the law and adhere to the registration requirements imposed upon him. See, e.g., R.C. 2929.12(D) (indicating that a defendant's prior criminal record and unfavorable response to previous sanctions demonstrates recidivism). The individual's status as a sex offender further exacerbates this recidivist factor. See *McKune v. Lile* (2002), 536 U.S. 24, 33-34, 122 S.Ct. 2017, 2024-25, 153 L.Ed.2d 47 (recognizing concerns that sex offenders have a high rate of recidivism). Severe penalties are warranted for recidivism. See *Solem,* 463 U.S. at 296, 103 S.Ct. at 3013. Given the recidivist factors, we conclude that it is not contrary to the cruel and unusual punishment clause for a failure to register offense to carry a felony penalty, despite a prior sex offense being a misdemeanor, just as an offender's prior misdemeanor would not necessarily bar felony sentencing under the cruel and unusual punishment clause for the offender's new crime of escaping the incarceration for the misdemeanor. *Id.* at ¶20.

{¶22} We agree with the reasoning of the Tenth District. Appellant's sentence stems from his inability to follow the registration requirements imposed on him. The instant offense was appellant's third conviction for registration violations since 2004. A sentence of three years was not grossly disproportionate to appellant's failure to register offense.

**{¶23}** The second assignment of error is overruled.

**{¶24}** The judgment of the Stark County Common Pleas Court is affirmed.


By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r0214

[Cite as *State v. Nelson*, 2012-Ohio-2400.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JERRY NELSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00219 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES