[Cite as *State v. Davis*, 2012-Ohio-3570.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97636

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEVEN C. DAVIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-549173

**BEFORE:**   Keough, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   August 9, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   James M. Rice
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Steven C. Davis ("Davis"), appeals his sentence. For the reasons that follow, we reverse his sentence and remand for resentencing.

{¶2} In 2004, Davis pled guilty to sexual battery and gross sexual imposition and was sentenced to five years probation. Pursuant to Ohio's sex offender registration system then in effect, former Chapter 2950 (Ohio's Megan's Law), Davis was classified as a sexually oriented offender, the least restrictive classification under Megan's Law. As a sexually oriented offender, he was required to comply with the registration framework provided in Megan's Law, including annual registration for ten years. Additionally, he was subject to the penalties under Megan's Law for noncompliance.

{¶3} In 2007, the Ohio General Assembly enacted Ohio's Adam Walsh Act ("AWA"), repealing Megan's Law and providing increased obligations and registration requirements to be applied retroactively to previously-registered sex offenders like Davis. Pursuant to the AWA, the Attorney General reclassified Davis as a Tier III sex offender. The AWA provisions increasing Davis's registration duties and penalties for noncompliance went into effect on January 1, 2008. As a Tier III sex offender, Davis was required to verify his address every 90 days for life instead of once a year for ten years as a sexually oriented offender under Megan's Law.

**{¶4}** In 2011, Davis was charged with failing to provide notice of change of address under R.C. 2950.05(F)(1). The indictment also provided a furthermore specification that Davis was previously convicted of a violation of his reporting and registration duties.

**{¶5}** Davis filed a motion to dismiss the indictment pursuant to the Ohio Supreme Court's holdings in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which held that the AWA was unconstitutional as applied to individuals like Davis who were previously classified under Megan's Law. The motion also requested alternate relief pursuant to this court's holding in *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83, that the AWA penalties do not apply to individuals such as Davis because Megan's Law offenders can only be subject to Megan's Law penalties.

**{¶6}** After a hearing on Davis's motion, the trial court denied his motion to dismiss the indictment and denied the request for alternate relief, relying on the First District's decision in *State v. Freeman*, 1st Dist. No. C-100389, 2011-Ohio-4357, rather than this court's decision in *Page*.

**{¶7}** Thereafter, Davis pled no contest to the indictment. The trial court found him guilty of failure to provide notice of change of address, in violation of R.C. 2950.05(F)(1), and the furthermore specification. The trial court sentenced him to a mandatory three-year prison term pursuant to the current version of R.C. 2950.99. Davis was granted an appellate bond during the pendency of this appeal.

{¶8} Davis appeals, raising as his sole assignment of error that the trial court erred when it sentenced him to the mandatory minimum sentence of three years under the AWA. He contends that he is not subject to the enhanced penalties of the AWA because he was originally classified under Megan's Law. The State maintains that Davis is subject to the current version of R.C. 2950.99, the law in effect at the time he committed the non-reporting offense, and thus he is subject to the enhanced penalties provisions.

{¶9} This court recently addressed this issue in *State v. Smith*, 8th Dist. Nos. 96582, 96622, 96623, 2012- Ohio-261, and held that the enhanced penalties under R.C. 2950.99 and the AWA do not apply to individuals who were originally sentenced under Megan's Law. *Id*. at ¶ 31-38.[1]

{¶10} Until the Ohio Supreme Court issues a definitive ruling on this issue or until it remedies the conflict among the districts, we are bound by the precedent of this court.[2] Accordingly, we sustain Davis's assignment of error, reverse his sentence, and remand the matter to the trial court to impose a sentence consistent with Megan's Law.

{¶11} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

---

[1] This court certified that its decision in *Smith* is in conflict with the decisions of the First and Fifth Appellate Districts. *See State v. Freeman*, 1st Dist. No. C-100389, 2011-Ohio- 4357, *State v. Bowling*, 1st Dist. No. C-100323, 2011-Ohio-4946, and *State v. Dunwoody*, 5th Dist. No. CT11-0029, 2011-Ohio-6360. On May 23, 2012, the Ohio Supreme Court recognized that a conflict exists and has held the case for the decision in *State v. Grunden*, Supreme Court Case No. 2011-1553.

[2] The issue has been accepted for review by the Ohio Supreme Court in *State v. Howard*, Supreme Court Case No. 2011-2126.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION

MELODY J. STEWART, P.J., CONCURRING IN JUDGMENT ONLY:

{¶12} I concur in the decision reached in this case because it follows this court's precedent. However, I remain convinced that the analysis set forth in *State v. Freeman*, 1st Dist. No. C-100389, 2011-Ohio-4357, and in my dissenting opinion in *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83, is correct — at least until the Ohio Supreme Court says otherwise.