The STATE of Ohio, Appellee,

v.

BAKER, Appellant.

[Cite as *State v. Baker*, 170 Ohio App.3d 331, 2006-Ohio-7085.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005 CA 130.

Decided Dec. 29, 2006.

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellils, Assistant Prosecutor, for appellee.

Brandin D. Marlow, for appellant.

WALTERS, Judge.

{¶ 1} Defendant-appellant, John P. Baker, appeals a judgment of the Greene County Common Pleas Court finding him guilty of aggravated vehicular assault and sentencing him to five years in prison. Baker asserts that the trial court improperly denied his motion in limine regarding his blood-alcohol test, that his no-contest plea was not made intelligently, knowingly, and understandingly, and that the trial court erred in imposing sentence. Finding that Baker's plea was

not knowingly, voluntarily, and understandingly made, we vacate the plea and remand the cause to the trial court.

{¶ 2} On December 5, 2004, Baker, while intoxicated, lost control of the vehicle he was operating on Trebein Road in Greene County and crashed, causing serious injuries to his passenger, Christina Barker. Baker was taken to Miami Valley Hospital for treatment of his injuries, where he refused to submit to any alcohol testing by the police. As part of his medical treatment, a blood-alcohol test was taken, indicating a blood-alcohol level of .101. The state obtained the blood-alcohol test through the issuance of a grand-jury subpoena.

{¶ 3} Baker was indicted for one count of aggravated vehicular assault, R.C. 2903.08(A)(1)(a), and one count of vehicular assault, R.C. 2903.08(A)(2). Three days before the trial scheduled herein, Baker made an oral motion in limine to limit the state's introduction of the blood-alcohol test results. Without taking any evidence, the court orally overruled the motion, and the ruling was not journalized. Immediately after the ruling, Baker tendered a no-contest plea to the charge of aggravated vehicular assault, and the state dismissed the vehicular-assault charge. As part of the plea negotiations, the state agreed to recommend a sentence of three years with judicial release and inpatient alcohol treatment after one year. The trial court discussed the plea agreement on the record, indicated to Baker that the court was in "favor of the proposition," and indicated that the only reason that judicial release would be denied was if Baker had disciplinary problems in prison.

{¶ 4} Thereafter, the court sentenced Baker to five years in prison with a three-year mandatory sentence.

### FIRST ASSIGNMENT OF ERROR

{¶ 5} "The trial court erred by overruling Baker's motion in limine."

{¶ 6} On the Friday before the Monday when the trial of this matter was scheduled to commence, Baker made an oral motion in limine asking the court to prevent the admission of the blood-alcohol test herein. Baker's counsel first told the court that the motion was a motion to suppress; however, upon being questioned by the court as to the timeliness of a motion to suppress, counsel assured the court that the motion was a motion in limine.

{¶ 7} "The purpose and effect of a motion to suppress and a motion in limine are distinct. A 'motion to suppress' is defined as a '[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitu-

tion.'" *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, quoting *Black's Law Dictionary* (6th Ed.1990) 1014.

{¶ 8} A motion to suppress is governed by Crim.R. 12(D), which provides that it "shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." The defendant was arraigned on April 8, 2005, and the trial was scheduled for August 15, 2005. Therefore, in order for a motion to suppress to have been timely, it must have been filed no later than May 13, 2005. A trial court may, however, pursuant to Crim.R. 12(D), extend the time in the interest of justice. The record does not reflect that leave to file out of rule was either requested or granted. Therefore, because there are no time restrictions on motions in limine, Baker's motion was a motion in limine.

{¶ 9} "[A] decision on a motion in limine is a pretrial, preliminary, anticipatory ruling on the admissibility of evidence. A ruling on a motion in limine is interlocutory, usually dealing with the potential admissibility of evidence at trial. It therefore cannot serve as the basis for an assignment of error on appeal." *Krotine v. Neer*, Franklin App. No. 02AP–121, 2002-Ohio-7019, 2002 WL 31838301, at ¶ 10, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 503 N.E.2d 142. A ruling on a motion in limine reflects the court's "anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty 'to consider the admissibility of the disputed evidence in its actual context.'" *Grubb* at 201–202, 28 OBR 285, 503 N.E.2d 142, quoting *State v. White* (1982), 6 Ohio App.3d 1, 4, 6 OBR 23, 451 N.E.2d 533. For those reasons, a motion in limine does not preserve for purposes of appeal any error in the disposition of the motion in limine. " 'An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial.'" *Grubb* at 203, 28 OBR 285, 503 N.E.2d 142, quoting *State v. Leslie* (1984), 14 Ohio App.3d 343, 344, 14 OBR 410, 471 N.E.2d 503. The failure to object at trial to the allegedly inadmissible evidence constitutes a waiver of the challenge. *State v. Wilson* (1982), 8 Ohio App.3d 216, 8 OBR 288, 456 N.E.2d 1287; *State v. Draughon*, 10th Dist.No. 02AP–958, 2003-Ohio-1705, 2003 WL 1757232, ¶ 22.

{¶ 10} Even assuming arguendo that Baker's motion was in reality a suppression motion, the issue of admissibility would be preserved for appeal only if the basis for exclusion was that the evidence had been illegally seized. Crim.R. 12(C)(3), *State v. Hall* (1989), 57 Ohio App.3d 144, 146, 567 N.E.2d 305. The basis for Baker's challenge to the admissibility of the test results is not a constitutional violation but an alleged violation of the statutory physician/patient privilege. However, R.C. 2317.02(B)(1)(c) provides that "the testimonial privilege

* * * does not apply * * * [i]n any criminal action concerning any test or the results of any test that determines the presence or concentration of alcohol * * * in the patient's [blood] * * * at any time relevant to the criminal offense in question."

{¶ 11} Therefore, Baker's first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 12} "Baker entered an unknowing, unintelligent, and involuntary plea."

{¶ 13} In his second assignment of error, Baker asserts that he entered a plea of no contest to the charge of aggravated vehicular assault after being led to believe by the state, his counsel, and the court that he would be sentenced to three years' incarceration with judicial release being considered after one year. Because the trial court subsequently sentenced Baker to five years of incarceration with three years mandatory, he alleges that he did not obtain the benefit of his plea bargain and that, therefore, his plea was not made knowingly, intelligently, and understandingly.

{¶ 14} This court recently addressed a similar situation in *State v. White*, Greene App. No. 04 CA 120, 2005-Ohio-5906, 2005 WL 2979666. In that case, even though the trial court informed the defendant that it was not bound by the recommendations in the plea agreement, the fact that the court led the defendant to believe that it would favorably consider judicial release as provided in the plea agreement required a reversal of a subsequent sentence inconsistent with the discussion of judicial release.

{¶ 15} In this case, the trial court, in its colloquy with Baker, failed to advise him that the court was not bound by the recommendations as to sentence and as to judicial release. The colloquy here clearly manifests an intention by the court to abide by the recommendations of the plea agreement.

{¶ 16} The following exchange between the court and Baker took place:

{¶ 17} "THE COURT: All right. Now, Mr. Baker, I would like to turn your attention to Paragraph 14, which says there's an underlying agreement upon which this plea is based. I would like to discuss this with you to make sure that we have a common understanding as to what the bargain is that you've struck between you and the State of Ohio.

{¶ 18} "Has the State conferred with the victim or victims regarding this disposition?

{¶ 19} "MR. TORNICHIO: Yes, your Honor, we have.

{¶ 20} "THE COURT: It says, in return for the Defendant's plea of no contest to Count I in the Indictment, which would be Aggravated Vehicular Assault, a

felony of the third degree, the State will dismiss Count II, which is Vehicular Assault, a felony of the fourth degree. What that means is, in effect, you face no consequence whatsoever in this case as to Count II. That's gone. The State will recommend that the Defendant receive a three-year sentence with one year of that being a mandatory term, which is required under the law. Further, the State would recommend the Defendant receive judicial release after he has served one year in prison. At the Court's discretion, Defendant to be placed in an inpatient alcohol treatment program. The State defers to the Court as to the length of the Class 3 Operator's License Suspension. Is that your understanding of the agreement between you and the Prosecuting Attorney?

{¶ 21} "DEFENDANT BAKER: Yeah.

{¶ 22} "MR. DALY (Conferring with Defendant.) I had indicated to my client, Your Honor, that you would affirmatively—I don't think I used the word commit or not—

{¶ 23} "THE COURT: To judicial release?

{¶ 24} "MR. DALY: Yes.

{¶ 25} "THE COURT: I'll tell you exactly where I am on that one. The State has indicated that they are recommending that you receive judicial release at the end of one year. What I indicated to your attorney and the Prosecuting Attorney is that I am in favor of that proposition. However, I cannot give a definitive answer to you as to whether or not I will grant that for one reason alone. Part of the answer as to whether I will grant that depends on what has occurred during the year you're in the institution. If there has been a disciplinary record in that case, difficulties in serving that sentence or otherwise there's an indication during that time period that you are not a good candidate for judicial release, then in my decision I may choose not to do so. The other side of the coin is, if you do your time in the institution appropriately, without what I just indicated, then the Court is inclined to grant that Petition for Judicial Release. So I can't make a promise or guarantee that, but that's pretty close to what my intentions are, and I think it's a fair indication to you as to what factors I would consider and what I have considered in determining what I would do, okay? Do you understand what I've just said to you?

{¶ 26} "DEFENDANT BAKER: Yes. Are you saying that if I conduct myself in there and get through it, I will be released in a year?

{¶ 27} "THE COURT: That is what my intention to do is, yes. What the Court wants to do—now, you can also help yourself while in the institution by attending some drug programs.

{¶ 28} "DEFENDANT BAKER: Right, and I won't have to attend those when I get out if I attend them in there?

{¶ 29} "THE COURT: That would certainly be a factor in favor of choosing to grant you judicial release and it may also have some impact what we do after that will be granted.

{¶ 30} "MR. DALY: (Conferring with Defendant.) Just to couch what he's saying, the Prosecution and I had discussions that if he completed the Oasis Program in prison, it may not be necessary that he go to the Greene Leaf Program after he's out, unless it wouldn't be duplicative. I said that's the Judge's discretion.

{¶ 31} "THE COURT: That's what it says in the plea form, and that's correct. I can't tell you what will happen after judicial release, all right? In other words, what I'm saying to you today, based upon this particular offense, the nature of this offense, based upon the State's recommendation and the position of you and your attorney, from what I know today, I have no reason to deny a Judicial Release Petition, but I can't promise you I'm going to grant that. Particularly, one just shouldn't promise something like that, but, more importantly, as we just discussed, I can't tell you what's going to happen during the next year. Only you can tell me.

{¶ 32} "DEFENDANT BAKER: You're telling me now that this may not occur, I may not be released?

{¶ 33} "THE COURT: It may not happen in the circumstances of the context of what we've just discussed. I'm not saying anything from today to the past would be an impediment on that.

{¶ 34} "MR. DALY: (Conferring with Defendant.) May I approach briefly, Judge. (Whereupon, colloquy ensued at the Bench, and then Mr. Daly conferred with the Defendant).

{¶ 35} " * * *

{¶ 36} "THE COURT: Okay. I guess my last—

{¶ 37} "DEFENDANT BAKER: Yes.

{¶ 38} "THE COURT:—question was, do you have any questions about what I just indicated about judicial release?

{¶ 39} "DEFENDANT BAKER: No.

{¶ 40} "THE COURT: Okay. I want you to understand what my thought process is, but also understand I can make today no promise or guarantee. I think I'm being very fair. Would you agree with that, Mr. Daly, what I have discussed is pretty much on the record at this point?

{¶ 41} "MR DALY: I think you've been fair, and I told my client that based on my past relationship with the Court, that you have always said what you've

done—you've always done what you said, so I don't have any reason to believe that you are not going to do what you say you are going to do, and I told my client that basically from here on out, it's up to what he does to determine how you are going to act or react."

{¶ 42} Consistent with our reasoning in *White*, 2005-Ohio-5906, 2005 WL 2979666, it seems clear that the prospect of judicial release and the recommendation that the state promised to make were instrumental in inducing defendant's no-contest plea. Because judicial release is a matter separate from the sentence it would impose, which the court here even failed to disclaim, we believe that the court's representations had the capacity to mislead Baker concerning his prospects for sentencing and judicial release. The record must affirmatively demonstrate that a plea of guilty or no contest was knowing, intelligent, and voluntary. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. That is lacking here.

{¶ 43} The second assignment of error is sustained.

## THIRD ASSIGNMENT OF ERROR

{¶ 44} "The trial court erred in its sentencing of Baker."

{¶ 45} In this assignment of error, Baker asserts that the trial court erred in sentencing Baker, who was a first offender, to a sentence that was more than the minimum and was in fact the maximum provided for the offense.

{¶ 46} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court recently declared unconstitutional portions of the Revised Code that require certain judicial findings before the imposition of more-than-minimum and maximum sentences such as those Baker received here. *Foster* applies to any case pending on direct appeal when it was decided. Therefore, if the trial court made findings to support its more-than-minimum and maximum sentences, it violated *Foster* and a remand for resentencing would be required. However, because we have sustained Baker's second assignment of error, requiring this case to be remanded to the plea stage, this assignment of error is moot.

{¶ 47} For the foregoing reasons, the judgment of the Greene County Common Pleas Court is hereby reversed, the defendant's plea and sentence are vacated, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

BROGAN and FAIN, JJ., concur.

Sumner E. Walters, J., retired, of the Third Appellate District, sitting by assignment.