The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams,* 189 Ohio App.3d 111, 2010-Ohio-3334.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23546.

Decided July 16, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellee.

J. David Turner, for appellant.

_____

Donofrio, Judge.

{¶ 1} Defendant-appellant, Shawn Williams, appeals from a Montgomery County Common Pleas Court judgment convicting him of failure to notify and the resulting sentence, following his no-contest plea. His appellate counsel has filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

{¶ 2} On April 13, 2009, a Montgomery County grand jury indicted appellant on one count of failure to register, a first-degree felony in violation of R.C. 2950.05.

{¶ 3} Appellant initially entered a not-guilty plea, but later changed his plea to no contest. The trial court found him guilty. As agreed to by the parties, the court sentenced appellant to three mandatory years in prison and stayed the sentence pending this appeal.

{¶ 4} Appellant filed a timely notice of appeal on July 22, 2009. Appellant's appointed counsel thereafter filed a brief pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting that after a thorough review, he could find no viable issues for appeal, and he asked for permission to withdraw. Consequently, appellant filed a pro se brief raising five "grounds" for relief. These grounds for relief provide:

{¶ 5} "Prior to Shawn Williams['s] release from prison. His stipulations for release from his case manager at Madison Correctional Institution, was that he had to have a verified registered address. Or he would have to be released to a halfway house. After the three address[es] he turned into his case manager prior to his release [were] denied by the Adult Parole Authority Shawn Williams was released back into society without a verified address."

{¶ 6} "Upon release Shawn Williams['s] parole officer Crystal Langer denied two addresses before he was charged with failure to notify. She denied his grandmother[']s address * * * at 1955 kipling dr. and his uncle[']s address * * * at 1950 kipling dr."

{¶ 7} "There is a sex offender by the name of * * * living at 1936 kipling dr."

{¶ 8} "Shawn Williams registered with the Montgomery County sheriff's sex offender unit when he gave the address of 160 edger ave. which his parole officer denied and also the 214 kirkham address."

{¶ 9} "Parole Officer Crystal Langer was suppose[d] to house Shawn Williams in the county jail or a halfway house. When she denied the first address at 160 edger ave. After being released three to five days from prison. Shawn Williams didn't receive any guidness [sic], aid, or help from the Adult Parole Authority Officer Crystal Langer. He was left in a situation that never should have happened."

{¶ 10} First, it should be noted that appellant has failed to comply with seven out of eight subparts of App.R. 16(A), which sets forth the requirements for an appellant's brief. Yet in the interest of justice, we will address his arguments.

{¶ 11} Second, although not artfully drafted, the alleged errors asserted by appellant all attempt to assert the affirmative defense of impossibility to notify the sheriff of his change of address.

{¶ 12} Third, and most important, plaintiff-appellee, the state, has conceded error in this case based on appellant's pro se brief.

{¶ 13} During a pretrial conference, the state presented appellant with three options of how to proceed: (1) go to trial, (2) plead guilty to attempted failure to notify with an agreed mandatory sentence of two years, or (3) plead no contest to the offense as charged with an agreed three-year mandatory sentence and be permitted to remain on bond during appeal to challenge the trial court's ruling that appellant was precluded from raising the affirmative defense of impossibility. Appellant chose the third option.

{¶ 14} At the change-of-plea hearing, the trial court again explained appellant's three options to him before accepting his plea. The trial court made a finding as a matter of law that appellant could not raise the defense of impossibility because failure to notify is a strict-liability offense that does not require proof of a culpable mental state. Appellant's counsel objected to this finding.

{¶ 15} A no-contest plea generally does not constitute a waiver of issues on appeal. *State v. Carter* (1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409. And a defendant always retains the right to challenge errors related to the entry of the plea itself, including whether the plea was entered knowingly, intelligently, and voluntarily. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus.

{¶ 16} When a defendant challenges his plea on the basis that it was not knowingly, intelligently, and voluntarily made, he must show a prejudicial effect. *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163; Crim.R. 52(A). In other words, the defendant must demonstrate that the plea would not have been otherwise made. Id. at 108, 5 O.O.3d 52, 364 N.E.2d 1163. Appellant has met this standard.

{¶ 17} Appellant entered his plea with the belief that he could appeal the trial court's ruling that it would not permit him to introduce evidence of the affirmative defense of impossibility at a trial. But the trial court's ruling was nothing more than a preliminary ruling on the admissibility of evidence surrounding the affirmative defense.

{¶ 18} A preliminary ruling on the evidence, or the granting of a motion in limine, is a "tentative, interlocutory, precautionary ruling" reflecting how the trial court will likely rule when the issue comes up during trial. *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 503 N.E.2d 142. Because it is not a final order, it cannot serve as the basis of an appeal. *State v. Baker,* 170 Ohio App.3d 331, 2006-Ohio-7085, 867 N.E.2d 426, at ¶ 9. Unless the claimed error is timely objected to at trial, it is not reviewable on appeal. Id.

{¶ 19} Thus, the issue is not ripe for our review. In order for the issue to be ripe, appellant would have had to have proceeded to trial and the court would have had to have made the ruling there. Then, if appellant was found guilty, he could have appealed and properly raised the issue.

{¶ 20} Because the issue whether appellant could present evidence of an affirmative defense is not yet reviewable, appellant's plea was not knowingly or intelligently entered. Appellant entered his plea with the specific belief that this appellate court would review the trial court's ruling that he could not present the affirmative defense of impossibility at trial. In fact, he turned down the state's offer to plead guilty to the lesser included offense of attempted failure to notify, which included a two-year prison sentence, and instead pleaded no contest to failure to notify, which included a three-year sentence, seemingly in large part because the trial court told him that this plea provided him with the opportunity to challenge its ruling regarding his affirmative defense on appeal.

{¶ 21} As an aside, although the issue whether the trial court should have allowed appellant to present evidence of the affirmative defense of impossibility is not yet ripe for review, if we were to review the issue we would reach the same result in this case.

{¶ 22} Appellant was convicted of violating R.C. 2950.05(F)(1), which provides:

{¶ 23} "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section or a change in vehicle information or identifiers pursuant to division (D) of this section shall fail to notify the appropriate sheriff in accordance with that division."

{¶ 24} R.C. 2950.05(G)(1) provides:

{¶ 25} *"It is an affirmative defense to a charge of a violation of division (F)(1) of this section that it was impossible for the person to provide the written notice*

*to the sheriff* as required under division (A) of this section because of a lack of knowledge, on the date specified for the provision of the written notice, of a residence, school, institution of higher education, or place of employment address change, and that the person provided notice of the residence, school, institution of higher education, or place of employment address change to the sheriff specified in division (A) of this section as soon as possible, but not later than the end of the first business day, after learning of the address change * * *." (Emphasis added.)

{¶ 26} As observed by appellee, the affirmative defense of impossibility was not added to R.C. 2950.05 until April 29, 2005. The cases relied on by the trial court to support its finding that the offense of failure to notify is a strict-liability offense that does not require proof of an intent or a culpable mental state predate the addition of the affirmative defense (*State v. Hardy*, 9th Dist. No. 21015, 2002-Ohio-6457, 2002 WL 31662666; *State v. Beasley* (Sept. 27, 2001), 8th Dist. No. 77761, 2001 WL 1152871).

{¶ 27} And while a strict-liability offense does not require proof of intent or culpable mental state, a strict-liability offense may still be subject to affirmative defenses. See *State v. Jones,* 4th Dist. No. 03CA29, 2004-Ohio-1495, 2004 WL 595638, at ¶ 8 (selling alcohol to minors is a strict-liability offense subject to affirmative defenses).

{¶ 28} Because appellant did not knowingly and intelligently enter his no-contest plea, we must vacate appellant's plea. For the reasons stated above, appellant's plea is hereby vacated. The trial court's judgment is reversed, and the matter is remanded for further proceedings pursuant to law and consistent with this opinion. Appellate counsel's request to withdraw is granted. On remand, the trial court is instructed to appoint new counsel to further assist appellant.

Judgment reversed
and cause remanded.

FAIN and FROELICH, JJ., concur.