[Cite as *State v. Hambrick*, 2012-Ohio-5139.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                :

    Plaintiff-Appellee,         :     Case No.   11CA3294

    vs.                          :

JACKSON L. HAMBRICK,       :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.       :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Jonathan D. Schmidt, Deborah D. Barrington Law Office,
                                     137 South Paint Street, Chillicothe, Ohio 45601[1]

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-1-12
ABELE, P.J.

{¶ 1}    This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.   Jackson L. Hambrick, defendant below and appellant herein, pled no contest to aggravated possession of drugs, in violation of R.C. 2925.11.   Appellant's counsel has advised us that he has reviewed the record and can discern mo meritorious claim(s) for appeal. Thus, under Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel requests, and we hereby grant, leave to withdraw.   Appellate counsel suggests, however, the following potential assignments of error that might warrant review:

---

[1] Neither the State of Ohio, nor appellant as a pro se litigant, has entered an appearance in these proceedings.

FIRST POTENTIAL ASSIGNMENT OF ERROR:

"WHETHER THE COURT ERRED BY DETERMINING THAT
THE DE MINIMIS VIOLATION CONSTITUTED PROBABLE
CAUSE TO STOP THE VEHICLE."

SECOND POTENTIAL ASSIGNMENT OF ERROR:

"WHETHER THE COURT ERRED BY DETERMINING THAT
THE CHEMIST REPORT COMPLIED WITH CRIM.R. 16(K)
AND R.C. 2925.51."

**{¶ 2}** On the evening of July 10, 2009, Trooper Benjamin Seabolt observed a vehicle commit a "marked lanes violation." This prompted Trooper Seabolt to signal the vehicle to stop. What happened next is a bit unclear from the record, but the authorities eventually found Oxycodone in appellant's possession.[2]

**{¶ 3}** On December 11, 2009, the Ross County Grand Jury returned an indictment that charged appellant with aggravated drug possession. He initially pled not guilty, but later entered a no contest plea. The trial court found appellant guilty and imposed two years of community control. This appeal followed.

I

**{¶ 4}** Appellant's first arguable assignment of error asserts that the trial court may have erred by overruling his motion to suppress evidence. That motion was based on appellant's assertion that Trooper Seabolt lacked a reasonable suspicion to initiate a stop of the vehicle.[3]

---

[2] The transcripts suggest that appellant's son drove the vehicle and apparently admitted to Trooper Seabolt that the vehicle contained two bags of marijuana. Appellant was the vehicle's right-front passenger.

[3] Generally, passengers in stopped vehicles have standing to challenge the constitutionality of a stop. See e.g. *State v. Jackson*, 11th Dist. No. 2011—L—107, 2012-Ohio-2123, at ¶18; also see *Brendlin v. California*, 551 U.S. 249, 259, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007).

The court overruled that motion and appellant argues this may constitute error.

**{¶ 5}** Initially, we note that appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (1998); *State v. Ward*, 4th Dist. No. 10CA30, 2011-Ohio-1261, at ¶10. When ruling on a motion to suppress evidence, a trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to a trial court's findings of fact if competent, credible evidence supports the trial court's findings. *Long*, supra, at 332; *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (1996). The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (1994).

**{¶ 6}** In the case sub judice, appellant does not dispute any of the trial court's factual determinations. Rather, appellant suggests that the court may have misapplied the law. Citing *State v. Kellough*, Pickaway App. No. 02CA14, 2003-Ohio-4552, the trial court ruled that Trooper Seabolt was justified in the stop after he observed the driver violate a traffic law. We believe that the trial court correctly interpreted the law.

**{¶ 7}** The Ohio Supreme Court held that a stop based on an observation of a traffic violation is permissible under the Fourth Amendment to the United States Constitution. *Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus (1996). This Court has stated many times that even "de minimis" traffic violations are sufficient bases for a vehicle stop. See e.g.

*State v. Lemaster*, 4th Dist. No. 11CA3236, 2012-Ohio-971, at ¶10; *State v. Guseman*, 4th Dist. No. 08CA15, 2009-Ohio-952, at ¶20; *State v. Kellough*, 4th Dist. No. 02CA14, 2003-Ohio-4552, at ¶21.

{¶ 8}    In the case at bar, the uncontroverted evidence reveals that Trooper Seabolt observed the motor vehicle (in which appellant was a passenger) drive "over the right-side marked edge line by approximately a foot, to a food-and-a-half[,]" in violation of R.C. 4511.33 (A)(1).[4]   The trial court obviously found this testimony to be credible and that is well within its province as trier-of-fact.   Thus, Trooper Seabolt had sufficient cause to stop the vehicle and we find no error in the trial court's denial of appellant's motion to suppress.

{¶ 9}    Accordingly, we overrule appellant's first potential assignment of error.

II

{¶ 10}   Appellant's second potential assignment of error involves the issue of a chemist's report – which presumably would have established that the substance in his possession is Oxycodone.[5]   R.C. 2925.51(B) requires a copy of any lab report to be used at trial be given to defense counsel prior to trial.   Moreover, Crim.R. 16(K) states:

> "An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to

---

[4]  R.C. 4511.33(A)(1) requires, inter alia, a vehicle to be driven "as nearly as is practicable, entirely within a single lane or line of traffic[.]"

[5]  We assume the chemist was "Lisa Crow" because this is the only person the state subpoenaed to testify at trial other than Trooper Seabolt.

disclose the written report to opposing counsel shall preclude the expert's testimony at trial." (Emphasis added.)

{¶ 11} Here, the June 30, 2011 hearing transcript is not entirely clear. It appears that appellant's trial counsel objected to expert testimony being allowed at trial either because she was not provided a copy of the report at all, or that she received a copy of the report late. As a result, counsel argued that no expert testimony should be allowed concerning the chemical make-up of the substance in appellant's possession. The transcript seems to indicate that the trial court would allow such testimony anyway. Although appellate counsel points to this incident as a second potential assignment of error, he also concedes in his brief that the chemist report complied with both R.C. 2925.51 and Crim.R. 16(K).

{¶ 12} We find no potential error with respect to this issue. First, as noted above, the record is unclear as to what, if any, violation of those two provisions occurred. It is counsel's responsibility to clarify these matters in the record so that an appropriate review may be conducted. Second, even if the prosecution failed to make a timely disclosure of the chemist report, we would find no error in the trial court's ruling. At that juncture in the proceedings, the court's decision was interlocutory and could have changed when the time came for the expert testimony. Indeed, the transcript of the June 30, 2011 proceeding shows that trial counsel made a number of motions regarding what evidence could, or could not, be admitted during the trial. In essence, these were motions in limine and such rulings cannot form the basis for an assignment of error in a later appeal. *State v. Baker*, 170 Ohio App.3d 331, 2006–Ohio– 7085, 867 N.E.2d 426, at ¶9 (2nd Dist.); *State v. Dixon*, 4th Dist. No. 09CA3312, 2010-Ohio-5032, at ¶47.

**{¶ 13}** Finally, we note that appellant changed his plea to no contest. Generally, a "no contest" plea is an admission to the truth of the facts in the indictment. Crim.R. 11(B)(2). Here, the indictment expressly charged appellant with the possession of Oxycodone and thus he admitted this was the substance in his possession.[6] For all of these reasons, we find no merit in the second potential assignment of error.

**{¶ 14}** Having reviewed the record for potential errors, as well as appellate counsel's suggested potential errors, and having found no meritorious arguments, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

---

[6] Our colleagues on the Lorain County Court of Appeals held that any failure by the State to comply with R.C. 2925.51 is waived as a result of a defendant's no contest plea. See *State v. Cianci*, 9th Dist. No. 3947, 1986 WL 6675 (June 11, 1986). Admittedly, that case used an earlier version of the statute and had a different procedural posture, but we believe that the same principle would apply both under the current version of the statute and Crim.R. 16(K). Appellant's admission that the substance found in his possession is Oxycodone renders harmless any error by not complying with the procedural prerequisites to admit that evidence at trial.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.