[Cite as *Cranford v. Buehrer*, 2015-Ohio-192.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

TONIA E. CRANFORD                  :
                               :
   Plaintiff-Appellant         :   C.A. CASE NO. 26266
                               :
v.                                 :   T.C. NO. 13CV966
                               :
STEPHEN BUEHRER,                   :   (Civil Appeal from
ADMINISTRATOR, OHIO BWC, et al.    :    Common Pleas Court)
                               :
   Defendants-Appellees        :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the    23rd    day of     January    , 2015.

. . . . . . . . . .

JOSEPH E. GIBSON, Atty. Reg. No. 0047203, 545 Helke Road, Vandalia, Ohio 45377
      Attorney for Plaintiff-Appellant

ANDREW R. THALER, Atty. Reg. No. 0075973, 40 N. Main Street, Suite 1700, Dayton,
Ohio 45423
      Attorney for Defendant-Appellee General Motors, LLC

. . . . . . . . . . . .

FROELICH, P.J.

     **{¶ 1}** Tonia E. Cranford appeals from a judgment of the Montgomery County Court

of Common Pleas, which found, in accordance with a jury verdict, that Cranford was not

entitled to participate in the benefits of the Workers' Compensation Act for the additional conditions of her right shoulder sprain/strain, right shoulder rotator cuff tendonitis, right shoulder impingement syndrome, and right shoulder adhesive capsulitis. Cranford asserts that the trial court erred in excluding as evidence a sworn pretrial statement by one of her physicians. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} The underlying facts are undisputed. In early 1997, Cranford was a factory worker at Delphi Interior and Lighting, a division of General Motors Corporation. At that time, Cranford worked as an airbag inspector, which required her to use her hands, elbows, arms and shoulders repetitively. Cranford began to experience physical problems, and she sought treatment from the company dispensary, and then followed-up with various physicians, including Dr. Rudolf Hofmann, an orthopedic surgeon.[1] Cranford filed a claim for workers' compensation for the 1997 work activity. The claim was allowed for the condition of bilateral elbow epicondylitis.

{¶ 3} Cranford was later transferred to the General Motors Powertrain facility in Toledo. In 2005, Cranford suffered shoulder problems, and she filed another workers' compensation claim. The 2005 claim was denied throughout the administrative process. Cranford appealed to the Lucas County Court of Common Pleas. Cranford states in her brief that, while the case was pending in the common pleas court, Dr. Hofmann informed her that he was of the opinion that her shoulder problems stemmed from her 1997 work activity, not her 2005 claim.

---

[1] Cranford's appellate brief and many documents in the record use the spelling "Hoffman." However, Dr. Hofmann spelled his name (with one F and two Ns) at the beginning of his sworn statement. We use the spelling he provided.

{¶ 4} On April 13, 2009, Cranford questioned Dr. Hofmann under oath at his medical office regarding Cranford's treatment for and the source of Cranford's shoulder problems. Defense counsel for the pending Lucas County case was not present and apparently had not been informed of Cranford's intent to obtain a sworn statement from Dr. Hofmann. The 2005 claim proceeded to a jury trial in Lucas County in June 2009, and the jury found in favor of General Motors.

{¶ 5} In December 2009, Cranford filed a C-86 Motion with the Bureau of Workers' Compensation, asking that her 1997 claim be amended to include the additional conditions of right shoulder sprain/strain, right shoulder rotator cuff tendonitis, right shoulder impingement syndrome, and right shoulder adhesive capsulitis. Cranford's request to amend her 1997 claim was denied by a district hearing officer of the Ohio Industrial Commission, and that decision was affirmed in administrative appeals.

{¶ 6} Cranford appealed the denial of her claim by the Industrial Commission to the Montgomery County Court of Common Pleas. *Cranford v. Delphi Interior Lighting*, Montgomery C.P. No. 2011 CV 877 (Feb. 2, 2011) (notice of workers' compensation appeal). She voluntarily dismissed the action, pursuant to Civ.R. 41(A), on February 16, 2012. Cranford refiled her action on February 14, 2013, initiating the instant litigation.

{¶ 7} Cranford states that she intended to call Dr. Hofmann as an expert witness in her case, and he was listed in her disclosure of expert witnesses, filed on May 1, 2013. Dr. Hofmann died on June 18, 2013. On September 3, 2013, Cranford filed a list of exhibits and trial materials; this list included the "sworn statement of Dr. Hoffman, dated April 13, 2009."

{¶ 8} General Motors objected to Cranford's proposed use of Dr. Hofmann's April

13, 2009 statement, arguing that it (General Motors) did not have an opportunity to cross-examine Dr. Hofmann and that the statement was inadmissible under Evid.R. 804(B)(1). General Motors later filed a motion in limine, seeking to limit the testimony of Cranford's current physician and expert, Dr. Michael Herbenick, to the extent that Dr. Herbenick's testimony relied on the sworn statement of Dr. Hofmann. Cranford responded that Dr. Hofmann's sworn statement was admissible, because his statements would not be offered for the truth of the matter, General Motors knew of Cranford's intent to call him as a witness, and General Motors had an opportunity to depose him, if it wished, but did not do so.

{¶ 9} On March 31, 2014, in a conference in chambers prior to trial, the trial court addressed the admissibility of Dr. Hofmann's statement. The court ruled that it did "not have a problem with Dr. Hoffman as to treatment dates, and the sort of thing that would be typical in rendering of medical care to a patient. Where it goes beyond that and renders expert opinions as to cause and effect, or approximate [sic] causation of injury, that's the problematic part." The trial court stated that the portion of Dr. Hofmann's statement that referred to proximate cause should be redacted.

{¶ 10} A jury trial was held on March 31 and April 1, 2014. The jury found that Cranford was not entitled to participate in the Ohio workers' compensation fund for the conditions of right shoulder strain/sprain, right shoulder rotator cuff tendonitis, right shoulder impingement syndrome, and right shoulder adhesive capsulitis. The trial court entered judgment accordingly.

{¶ 11} Cranford appeals from the trial court's judgment. Her sole assignment of error states: "The trial court erred in excluding the sworn statement of Dr. Rudolf Hoffman,

M.D. as part of Plaintiff's case-in-chief."

{¶ 12}   As an initial matter, our review is hampered by the record before us.   The only written transcript in the record is a transcript of the March 31, 2014 pretrial conference, which was held in chambers before the start of trial.   The civil docket statement indicates that only the video recording of the trial would be filed, but we see no indication that the video recording was filed.   No written transcript of the trial was, in fact, prepared, as required by App.R. 9.

{¶ 13}   As best as we can tell from the limited record before us, the trial court addressed the admissibility of Dr. Hofmann's sworn statement only at the pretrial conference.

> Generally, a motion in limine is a pretrial request to the trial court for a precautionary instruction to avoid error or prejudice by limiting the examination of witnesses in specified areas until the admissibility of certain evidence is determined by the court.   A trial court may or may not rule upon such a motion prior to trial.   If a trial court does rule upon the motion prior to trial, such a liminal order is to be effective only until the admissibility of the evidence is resolved at the appropriate time during trial when the court is required to make its ruling.   *State v. Spahr* (1976), 47 Ohio App.2d 221, 353 N.E.2d 624 [1 O.O.3d 289].

> An order granting or denying a motion in limine is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated.   An appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the

issue is actually reached during the trial. *State v. White* (1982), 6 Ohio App.3d 1, 451 N.E.2d 533; see, also, Evid.R. 103(A)(1).

*State v. Leslie*, 14 Ohio App.3d 343, 344, 471 N.E.2d 503 (2d Dist.1984); *see also, e.g., State v. Baker*, 170 Ohio App.3d 331, 2006-Ohio-7085, 867 N.E.2d 426, ¶ 9 (2d Dist.).

{¶ 14} Without a transcript of the jury trial, we can only speculate whether the admissibility of Dr. Hofmann's sworn statement was addressed at trial, and thus whether the alleged error was preserved for appeal. Moreover, we do not know what testimony was presented at trial, and how the case was argued by counsel. The parties' exhibits were filed with the trial court and are available for review, but we have no indication of how the parties' exhibits were used at trial. As a result, we cannot fully evaluate the effect of the apparent absence of Dr. Hofmann's sworn statement on the outcome of the trial, i.e., whether the trial court's exclusion of Dr. Hofmann's statement was prejudicial.

{¶ 15} Nevertheless, even if we were to assume that Cranford's alleged error was preserved and that the exclusion of Dr. Hofmann's sworn statement was prejudicial, we would not find that the trial court's ruling on Dr. Hofmann's sworn statement was erroneous.

{¶ 16} Cranford claims that Dr. Hofmann's sworn statement was admissible for several reasons. First, she asserts that his statement was offered to prove the dates of medical treatment and when she first complained of shoulder problems as a result of her work activity at General Motors, not to prove "the truth of the matter asserted," i.e., that her shoulder problems were work-related. Second, Cranford states that the statement was admissible because it was part of the administrative record. Third, she argues that, even if Dr. Hofmann's sworn statement were hearsay, it is admissible as a statement for

purposes of medical diagnosis and treatment under Evid.R. 803(4) and as a business record under Evid.R. 803(6). Finally, Cranford asserts that the sworn statement was admissible under Evid.R. 804(B)(1), because Dr. Hofmann was unavailable to testify at trial and General Motors had an opportunity to cross-examine him prior to his death. As discussed below, we do not find that any of these bases permitted the admission of Dr. Hofmann's statement.

{¶ 17} Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In general, hearsay is not admissible. Evid.R. 802.

{¶ 18} In his sworn statement, Dr. Hofmann indicated that he first saw Cranford on March 19, 1997, and that she complained of problems involving her shoulders, as well as her elbows; Cranford had attributed these complaints to her work activities. Dr. Hofmann stated that his "initial evaluation included the shoulders, but when I dictated the report I didn't mention the shoulders. When I saw her for the second time, which was then April 2, 1997, I mentioned that she still had discomfort in both shoulders. So I did evaluate her for her shoulders, even though the first report addresses more her forearms and elbows." Dr. Hofmann further stated that Cranford had several follow-up visits, which concerned her elbow and shoulder complaints. Dr. Hofmann saw Cranford in January 2003, after Cranford had started working in Toledo, for complaints related to her elbows and shoulders, and he diagnosed her with mild bilateral rotator cuff tendinitis and a chronic mild radial epicondylitis of both elbows. Dr. Hofmann stated that it was more likely that Cranford's shoulder complaints could be traced back to her 1997 activity rather than her 2005 claim.

**{¶ 19}** Cranford asserts that Dr. Hofmann's out-of-court sworn statement was not offered to prove that her shoulder issues were work-related, the ultimate issue at the jury trial. We disagree. Dr. Hofmann's statements would have been offered to prove the truth of his statements. Specifically, it appears that they would have been offered to prove that Cranford complained of shoulder discomfort in her initial evaluation and those complaints continued prior to her transfer to the Toledo facility, as discussed in Dr. Hofmann's sworn statement. And, it appears that Dr. Hofmann's statements would have been offered to prove, as he stated, that her shoulder complaints were more likely the result of her 1997 work activity. Dr. Hofmann's sworn statement was hearsay.

**{¶ 20}** Cranford asserts that Dr. Hofmann's statement was admissible, because it was admitted as part of the administrative review by the Industrial Commission. She relies on *Althof v. Ohio State Bd. of Psychology*, 10th Dist. Franklin No. 05AP-1169, 2007-Ohio-1010, in which the Tenth District reviewed an administrative record to determine whether the trial court abused its discretion in affirming the decision of the Ohio State Board of Psychology to revoke the appellant's license to practice psychology for a minimum of five years. On appeal, the appellant argued that the Board had erred in allowing a witness to read from a journal containing hearsay. The Tenth District noted that administrative agencies are not bound by the strict rules of evidence applied in a court and that hearsay rules are relaxed in administrative proceedings. *Id.* at ¶ 73-74, citing, *e.g.*, *Haley v. Ohio State Dental Bd.*, 7 Ohio App.3d 1, 6, 453 N.E.2d 1262 (2d Dist.1982). Under the specific facts of the cases before it, the Tenth District concluded that the trial court did not abuse its discretion by concluding that the administrative hearing examiner did not err by permitting the witness to read from a journal containing

hearsay evidence.   Id. at ¶ 77.

**{¶ 21}** We do not find *Althof* persuasive. The administrative appeal process involved in *Althof* is different than that under the workers' compensation statute, R.C. 4123.512(D), which permits a de novo determination of a claimant's right to participate in the workers' compensation fund.   Moreover, the Tenth District addressed only the ability of the administrative agency to consider hearsay evidence, not the trial court's ability to admit hearsay in a judicial proceeding.   We find no basis to conclude that the trial court was permitted to admit Dr. Hofmann's sworn statement at trial simply because it was presented to the Bureau of Workers' Compensation or to the Industrial Commission as part of the administrative process.

**{¶ 22}** We further reject Cranford's assertion that Dr. Hofmann's statements were made for purposes of medical treatment.   Evid.R. 803(4) provides an exception to the hearsay rule for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."   Cranford's statements to Dr. Hofmann at her medical appointments would typically fall within this category, and Dr. Hofmann would likely be permitted to repeat them in court.   However, their inclusion in Dr. Hofmann's sworn statement does not make the sworn statement, which is hearsay, admissible.

**{¶ 23}** Further, in its liminal ruling, the trial court indicated that anything in the sworn statement, except opinion on proximate cause, would be admissible.   We reiterate that we cannot tell from the record what was offered and/or excluded.

**{¶ 24}** Evid.R. 803(6), which exempts business records from the hearsay rule, also does not provide a basis for admitting Dr. Hofmann's sworn statement at trial. Evid.R. 803(6) allows for the admissibility of a "memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation * * *." Dr. Hofmann's sworn statement is not a "memorandum, report, record, or date compilation," and it was prepared at the request of Cranford's attorneys for purposes of litigation, not as a business record. The statement does not fall within Evid.R. 803(6).

**{¶ 25}** Finally, we disagree with Cranford that the sworn statement is admissible under Evid.R. 804(B)(1). "Evid.R. 804(B)(1) states that former testimony of a declarant who is not currently available to testify is not excluded as hearsay when the following separate, conjunctive requirements are met: (1) the party against whom the testimony is offered, or, in a civil action or proceeding, a predecessor-in-interest, had an opportunity to examine the declarant in the prior proceeding, and (2) that party had a motive that is similar to the motive that the party would have in the present proceeding to develop the former testimony by direct, cross, or redirect examination." *Burkhart v. H.J. Heinz Co.*, 140 Ohio St.3d 429, 2014-Ohio-3766, 19 N.E.3d 877, ¶ 3.

**{¶ 26}** Cranford asserts that General Motors had an opportunity to examine Dr. Hofmann prior to his death, because it was aware that Cranford intended to use him as a witness. However, General Motors was not notified that Cranford intended to take Dr. Hofmann's sworn statement, and it was not given an opportunity to cross-examine Dr.

Hofmann when that statement was given. The fact that General Motors was aware that Cranford intended to call Dr. Hofmann as a witness, and therefore General Motors arguably could have elected to depose Dr. Hofmann prior to his death, is not sufficient to satisfy the "opportunity to cross-examine" requirement of Evid.R. 804(B)(1).

{¶ 27} Cranford cites *Sudbury v. The Arga Co.*, 12th Dist. Clermont No. CA85-03-015, 1985 WL 3970 (Dec. 2, 1985), which held that the testimony of a physician given at a hearing before the Industrial Commission on an employee's workers' compensation claim could be used on appeal in a subsequent jury trial. The Twelfth District concluded that the physician's testimony was admissible under Evid.R. 804(B)(1), because the physician was out of the country, and thus unavailable, at the time of trial, and the physician's testimony before the Industrial Commission – which was given under oath before an administrative body entitled to administer oaths and take testimony and was subject to cross-examination -- constituted "former testimony" under the Rule.

{¶ 28} There is no question that Dr. Hofmann had passed away and was thus unavailable when the jury trial in this case was held. However, unlike the physician's testimony in *Sudbury*, Dr. Hofmann's sworn statement was not "former testimony." It was neither testimony given as a witness in another hearing or proceeding, nor a deposition. Dr. Hofmann was not subject to cross-examination when his testimony was given, and because General Motors was not notified that the sworn statement would be taken, there was no opportunity for cross-examination. Dr. Hofmann's sworn statement does not satisfy Evid.R. 804(B)(1), and because *Sudbury* is distinguishable, *Sudbury* does not support Cranford's argument that it does.

{¶ 29} Cranford's assignment of error is overruled.

{¶ 30}   The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Joseph E. Gibson
Andrew R. Thaler
Patsy A. Thomas
Hon. Mary L. Wiseman